FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 FEB 21  PM 3: 41

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WARREN SKILLERN,            ) | |
| )| |
| Plaintiff,            ) | |
| v.            ) | Case No. CV606-18 |
| )| |
| HUGH SMITH,            ) | |
| )| |
| Defendant.            ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Georgia State Prison, has submitted a complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in*

*forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in the federal courts, having instituted forty-four various actions in the Northern and Southern Districts of Georgia since 2001.[1] At least three of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Skillern v. Tierce, No. 03-11529-B (11th Cir. Sept. 22, 2003) (dismissing appeal as frivolous); Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (dismissing appeal as

---

[1] Plaintiff originally filed his many suits in the Northern District of Georgia. In 2003, that district sought to quell his seemingly endless frivolous filings by instituting a filing ban. Skillern v. Becky Tierce, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003). While plaintiff continues to file actions in the Northern District, he has also burdened this Court with nine new cases since late 2003.

frivolous); Skillern v. Ga. Dep't of Corr., CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissing for failure to state a claim); see also Skillern v. Paul, CV606-6, doc. 4 (S.D. Ga. January 17, 2006) (recommending dismissal of case based on three strikes provision). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's complaint must be dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint alleges that he is being denied full access to the courts because prison officials do not provide him with adequate correspondence supplies and postage. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the

claims he raises in this suit, he must file a new complaint, accompanied by the full $250.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 17Th day of February, 2006.

                                                                                 UNITED STATES MAGISTRATE JUDGE
                                                                                 SOUTHERN DISTRICT OF GEORGIA